STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. ROBERT MEINKEN, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued February 18, 1952—Decided February 26, 1952.

Before Judges McGeehan, Jayne, and Wm. J. Brennan, Jr.

*Mr. Gabriel Kirzenbaum* argued the cause for appellant.

*Mr. Robert Carey, Jr.,* Deputy Attorney-General, argued the cause for respondent (*Mr. Theodore D. Parsons,* Attorney-General of New Jersey).

The opinion of the court was delivered

Per Curiam. On the morning of December 16, 1950, during the open season for hunting wild deer, the defendant departed alone by automobile from his residence in New

Brunswick with the intention to engage in hunting for wild deer probably in the woods and fields of an area where such game would likely be discovered. He placed beside him in the front of the car his 12-gauge shotgun loaded with two shells containing buckshot and in the pocket of his trousers a 12-gauge shell loaded with a solid one-ounce lead ball.

He was driving his automobile on an unimproved dirt road known as New Road in South Brunswick Township when he was impeded on the roadway by state game wardens who were patrolling that vicinity. We extract the description of the locality from the findings of fact:

"This road at the point where the defendant was accosted, is an unimproved dirt road, passing through an undeveloped area of woods and fields, locally known as Sand Hills. The woods and fields extend on either side of New Road, and there are no houses or structures in the immediate vicinity. It is an area where wild deer are customarily found and hunted. * * * Others were engaged in hunting deer along this road at the same time and in the immediate vicinity in which the defendant was accosted. * * *"

The wardens discovered the loaded shotgun in the vehicle and the defendant's possession of the shell loaded with the lead ball. In consequence the defendant was charged with and convicted of two statutory violations, the one for having a loaded shotgun in the vehicle (*R. S.* 23:4–24.1), and the other for having in his possession while engaged in hunting for wild deer in the woods and fields a missile other than buckshot (*R. S.* 23:4–44).

The defendant criticizes his conviction of the last-mentioned offense which, at a trial *de novo*, the County Court affirmed.

The pertinent words of the statute are:

"Unless otherwise prescribed by the State Fish and Game Code, no person engaged in hunting for wild deer shall * * * have in possession in the woods or fields during the open season for killing deer any missile except buckshot * * * provided, however, that nothing in this section shall prevent the killing of deer with a bow and arrow * * *."

The two controversial questions emphasized in the presentation of the present appeal are: Was the defendant within the import and meaning of the statute "engaged in hunting?" Was he "in the woods or fields?"

According due recognition to the factual finding of the County Court, we are not persuaded by the statement submitted to us in lieu of the record that the conclusion of the trial judge in which he resolved that the defendant was "in the woods or fields" was manifestly erroneous.

The question whether, in the circumstances disclosed by the statement of facts, the defendant was "engaged in hunting" within the reasonable interpretation of the section of the statute, is more intricate and complex. We realize that hunting does not commence and end with the pulling of the trigger of the gun, nor would the pursuit be intermittently abandoned each time the hunter stops to tie his shoelace, light his pipe, or scratch his head, but we conjecture that there is in that sport a prelude of hope, and an embarkation preceding the actual hunting and an ultimate finality however disappointing.

We think that the legislative intent may be clearly exhibited by uniting the two phrases "engaged in hunting * * * in the woods or fields," thus denoting that one is not to be considered "hunting" within the signification of that section of the statute until one arrives at the hunting grounds and there engages in the search, pursuit, or chase of wild deer.

In the present case the activities of the wardens may be more accurately characterized as an efficient preventive achievement rather than as a discovery of the commission of the alleged statutory offense. Doubtless the defendant from the moment he placed the missile in his pocket at home *intended to possess and use it* in hunting if the occasion for its use arose, but the section of the statute here invoked does not encompass in its penal scope the mere premeditated intention of the hunter.

The statutory inhibition is against the possession of such a missile while *engaged in hunting wild deer in the woods or fields*.

"It is elementary that the intent of the Legislature is to be gleaned from the language of the statute and that courts cannot arbitrarily expand the scope of a statute beyond the plainly expressed legislative intent." *Eckert v. New Jersey State Highway Department*, 1 *N. J.* 474, 479 (1949).

"Statutes or ordinances, the violation of which subject a person to a penalty, must be strictly construed." *Smith v. Asbury Park*, 3 *N. J. Super.* 161 (*App. Div.* 1949).

We are of the opinion that the statutory phrase "engaged in hunting" bears the meaning "has undertaken" or is "devoting one's self to" hunting.

Our conclusion is that the evidence in the present case did not establish that the defendant had become engaged in hunting, which is an essential element of the statutory offense.

Judgment reversed.